Case 4:24-cv-03383   Document 30   Filed on 06/18/25 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED CASUALTY AND SURETY INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:24-cv-3383 |
| RAFFERTY GLOBAL LOGISTICS, LLC, *et al.*, | § § § § | |
| Defendants. | § § | |

# JUDGE PALERMO'S REPORT AND RECOMMENDATION[1]

Before the Court is Plaintiff United Casualty and Surety Insurance Company's ("Plaintiff" or "United Casualty") motion for default judgment against Rafferty Global Logistics, LLC; Double R Trucking, LLC; McGee Trucking LLC, E.F. Corporation a/k/a West Motor Freight of PA; BIR Transport Co., Inc.; Elk Trucking, Inc.; L.I.T. Express Corp.; and MMJ Transportation Inc. d/b/a Road Legends (collectively, "Defendants"). ECF No. 26. Having carefully considered the

---

[1]The district judge to whom this case is assigned referred this case for all pretrial proceedings. Referral Order, ECF No. 25. Pursuant to 28 U.S.C. § 636(b)(1)(A), a motion for default judgment is a dispositive motion appropriate for a Report and Recommendation. *Calsep, Inc. v. Intelligent Petroleum Software Sols., LLC*, No. 4:19-CV-1118, 2020 WL 7249831, at *1 (S.D. Tex. Nov. 18, 2020), *adopted*, 2020 WL 7247781 (S.D. Tex. Dec. 8, 2020).

pleadings, motion, and applicable law, the Court determines that the motion should be granted.

## I. BACKGROUND

United Casualty issued a BMC-84 bond, No. UCSX400X1453 (the "Bond"), to Rafferty Global. Pl.'s Original Interpleader Compl., ECF No. 1 ¶ 18. The Bond was in the amount of $75,000 (the "Interpleaded Funds"), with an effective date of October 1, 2022. *Id.* ¶ 19. Defendants began submitting claims in June 2024 against Rafferty Global in an amount that exceeds the Interpleaded Funds. *Id.* ¶¶ 20, 21. In filing this action, Plaintiff sought to interplead the Interpleaded Funds into the Court Registry to allow Defendants to make their respective legal claims to it. *Id.* ¶ 23.

Defendants were each served with a summons and copy of the original interpleader complaint, ECF No. 1, in September 2024. ECF Nos. 7–9, 11–15. Because Defendants have not filed any responsive pleadings or otherwise defended in this suit, default was entered against them. ECF Nos. 24, 29. Plaintiff seeks an entry of default judgment against the Defendants "finding that they have no interest in the Interpleaded Funds." ECF No. 26 ¶ 7.

## II. LEGAL STANDARD FOR MOTIONS FOR DEFAULT JUDGMENT.

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's

default." FED. R. CIV. P. 55(a). After default is entered, a party may ask the court to enter a default judgment. FED. R. CIV. P. 55(b)(2). The Court then must determine "(1) whether default judgment is procedurally warranted; (2) whether [Plaintiff's] complaint sets forth facts sufficient to establish that it is entitled to relief; and (3) what form of relief, if any, [Plaintiff] should receive." *Quintillion Subsea Operations, LLC v. Maritech Project Servs., Ltd., Mi, Ltd.*, No. 4:20-CV-02310, 2023 WL 5836833, at *2 (S.D. Tex. Aug. 16, 2023), *adopted*, No. 4:20-CV-02310, 2023 WL 5837513 (S.D. Tex. Sept. 8, 2023).

Under the first prong, the court must consider whether: (1) material issues of fact are at issue; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) the court would think itself obliged to set aside the default on the defendant's motion. *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *2 (S.D. Tex. Jan. 27, 2020) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)).

The second prong asks "whether the well-pleaded factual allegations in the Plaintiff's Complaint establish a valid cause of action." *Codilis & Moody, P.C. v. Moore*, No. 4:24-CV-03605, 2025 WL 1426553, at *1 (S.D. Tex. Apr. 22, 2025), *adopted sub nom. Codilis & Moody, P.C. as Tr. for PNC Bank, Nat'l Ass'n v. Moore*, No. 4:24-CV-3605, 2025 WL 1424148 (S.D. Tex. May 16, 2025) (Lake,

J.) (citing *Lindsey*, 161 F.3d at 893 (internal citation omitted)). The third prong "requires the Court to award only the relief prayed for in the Complaint as required by Federal Rule of Civil Procedure 54(c)." *Id.* (same). "A defendant's default establishes only liability, not the amount of damages." *Id.* (same (internal citation omitted)).[2]

### III. DEFAULT JUDGMENT SHOULD BE GRANTED BECAUSE DEFENDANTS FAILED TO APPEAR OR OTHERWISE DEFEND, AND PLAINTIFF ALLEGED A PROPER INTERPLEADER ACTION.

An examination of the six factors under *Lindsey* reveals that default judgment is procedurally warranted. First, there are no material issues of fact in the instant case. *See Standard Ins. Co. v. Luna*, No. 5:22-CV-19, 2023 WL 11999255, at *2 (S.D. Tex. July 10, 2023) ("[defendants] have not appeared or filed any responsive pleadings, no material facts are in dispute.") (citing *Primerica Life Ins. Co. v. Basilio ex rel. UMB*, No. 4:22-cv-541, 2023 WL 3292879, at *2 (E.D. Tex. May 5, 2023)). Second, Plaintiff's interests are prejudiced because Defendant's failure to respond halts the adversary process. *See id.* (citing *Lindsey*, 161 F.3d at 893).

As for the third and fifth factors, the grounds for default are established, and a default judgment is not unusually harsh under these facts, since Defendant has received both ample notice of this action and sufficient time to respond. *See Wells Fargo Bank, N.A. v. Hodges*, No. 421CV00410SDJCAN, 2023 WL 2058705, at *5

---

[2] Plaintiff notes that it is not seeking any damages. ECF No. 26 ¶ 6(c).

(E.D. Tex. Jan. 25, 2023), *adopted*, No. 4:21-CV-410-SDJ, 2023 WL 2403150 (E.D. Tex. Mar. 7, 2023) (collecting cases). Further, Plaintiff "do[es] not seek a harsh remedy but seek[s] only to have the defaulting Defendants' claims, which represent comparatively small sums, extinguished." *Moore*, 2025 WL 1426553, at *2 (granting default judgment motion where over $200,000 was at issue among ten potential claimants).

Under the fourth and sixth remaining factors, there is no indication that Defendant's default is the result of any good faith mistake or excusable neglect, and there does not appear at present to be any basis upon which the Court would be obligated to set aside the default. *See Hodges*, 2023 WL 2058705, at *5. Plaintiff, accordingly, has met the procedural requirements for default judgment. *See Luna*, 2023 WL 11999255, at *2.

"[Persons] 'with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead.'" *Moore*, 2025 WL 1426553, at *2 (quoting FED. R. CIV. P. 22). "An interpleader action is proper when a single fund is at issue and there are adverse claimants to that fund." *Id.* (citing *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999) (internal citation omitted)). "If the interpleader action is proper, the district court will decide the respective rights of the claimants." *Id.* (same).

"[Plaintiff] pleaded that it was in possession of a single fund in the amount of

[$75,000]." ECF No. 1 ¶ 19; *Moore*, 2025 WL 1426553, at *2. "[Plaintiff] identified the [eight Defendants] as parties that had competing claims to the fund." ECF No. 1 ¶ 20; *Moore*, 2025 WL 1426553, at *2. "[Plaintiff] has alleged a proper interpleader action and, by failing to respond, the [eight] defaulting defendants have asserted no claim to the fund." *Id.* Plaintiff seeks a default judgment against Defendants "finding that they have no interest in the Interpleaded Funds." ECF No. 26 ¶ 7. "The Court concludes that [Plaintiff] has shown that it is entitled to the relief requested." *Moore*, 2025 WL 1426553, at *2.

## IV.   CONCLUSION

Therefore, the Court **RECOMMENDS** that Plaintiff's motion for default judgment, ECF No. 26, be **GRANTED** and a Default Judgment be entered **DISMISSING WITH PREJUDICE** claims to the Interpleaded Funds of Defendants Rafferty Global Logistics, LLC; Double R Trucking, LLC; McGee Trucking LLC, E.F. Corporation a/k/a West Motor Freight of PA; BIR Transport Co., Inc.; Elk Trucking, Inc.; L.I.T. Express Corp.; and MMJ Transportation Inc. d/b/a Road Legends.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.** ***Ortiz v. San***

*Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on June 18, 2025, at Houston, Texas.

_____
**Dena Hanovice Palermo**
**United States Magistrate Judge**